**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TONYA L. SIMMONS,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:11cv290-MP/CAS**

**RODNEY KING,**

    **Defendant.**

                                   **/**

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prisoner incarcerated at FCI, Tallahassee, has filed an amended complaint pursuant to 28 U.S.C. § 1331. Doc. 10. Plaintiff's amended complaint has been reviewed as is required by 28 U.S.C. § 1915A, and remains deficient because Plaintiff still has not used clearly numbered paragraphs. Plaintiff did not clearly number the beginning of each paragraph in a clear and concise manner.[1] Nevertheless, there is no need to require a second amended complaint as these allegations do not rise to the level of a constitutional violation.

---

[1] Inserting a circled number to the right of a paragraph, not clearly linked to a paragraph is confusing and ambiguous. Furthermore, not all paragraphs are numbered.

Plaintiff's allegations against the Defendant are based on verbal harassment and unprofessional behavior.  Defendant King has allegedly harassed Plaintiff, made inappropriate comments to her, mimicked her walk, and, in general, acted in an unprofessional manner.  Doc. 10, at 5-6.  Plaintiff has previously been informed that "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."  Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (holding that the sheriff's laughing at inmate and threatening to hang him did not violate the Constitution); *accord* Oltarzewski v. Ruggiero, 830 F.2d 136, 139-40 (9th Cir. 1987); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983), *cited in* Shiflet v. Cornell, 933 F. Supp. 1549, 1556 (M.D. Fla. 1996) (finding that "verbal harassment . . . is not cognizable under § 1983.").  "The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000), *citing* Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987); *accord* Williams v. Bramer, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999).

No additional facts are presented in the amended complaint, doc. 10, which rise to the level of a Constitutional claim. Plaintiff has alleged verbal abuse that is demeaning and insensitive.  She has alleged that Defendant King acted in an undeniably unprofessional manner in mimicking Plaintiff and making "monkey sounds," but these actions do not violate the Constitution.  The Constitution is not a code for civil behavior and a prison official cannot be held liable under these circumstances.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2012.

　S/　Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**